# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| STEVEN LYNN DEEM, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:04-CV-554-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § | |
| Defendant. | § | |

## ORDER AND MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Steven Deem, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. § 2254 complaining of the legality of his conviction. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The petition for habeas corpus relief was dismissed, and the Fifth Circuit denied a certificate of appealability on December 14, 2005. Almost thirteen years later, on November 28, 2018, Petitioner filed a motion to reopen. The Magistrate Judge properly construed this motion to reopen as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *See Alexander v. Allen*, 196 F. App'x 277, 278 (5th Cir. 2006). The Magistrate Judge's Report recommends that the Court deny Petitioner's motion because Petitioner failed to show that he was entitled to relief under Rule 60(b) and because he failed to file his motion within a reasonable period of time. Docket No. 29 at 5.

The Petitioner filed objections. Docket No. 30. In his objections, Petitioner asserts that his affidavits, the allegedly exculpatory evidence, were created "on or about" October 19, 2018,

only a month before he filed his motion to reconsider. *Id.* at 1. Petitioner therefore asserts that he filed his motion within a reasonable period of time. *Id.* Petitioner also argues that the Court has a responsibility to consider the "new" evidence and to order the government to file a response to his motion. *Id.* at 4. Further, Petitioner states that the "newly discovered evidence" is enough to make it more likely than not that no reasonable juror could convict him of the crime charged. *Id.* at 6. Finally, Petitioner contends that he was denied his constitutional right of self-representation in his 1997 case. *Id.* at 7.

Petitioner's objections are without merit because he has failed to show he is entitled to relief under Rule 60(b) and he failed to file his motion within a reasonable period of time. Petitioner's "new" evidence consists of affidavits with his own purported re-creations of the transcripts for court proceedings held in 1997. *See id.* at Ex. 1. While Petitioner may have created these affidavits only a month before he filed his motion, the evidence that forms the basis of his claims is from 1997. Therefore, this is not "newly discovered evidence." Petitioner has known the basis of his present claims since at least 2004 when he filed his petition for writ of habeas corpus, where he also argued that he was actually innocent and that the State denied him his constitutional rights. *See* Docket No. 2 at 2-7. The only change since that time is the Supreme Court's decision in *McQuiggin,* holding that credible claims of actual innocence can allow a petitioner to avoid a statute of limitations bar. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But Rule 60(b) motions "must be made 'within a reasonable time.'" *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). Here, Petitioner waited five and a half years after *McQuiggin* to file his motion. Therefore, his motion was not brought within a reasonable time and must be denied.

The Court also agrees with the Magistrate Judge that Petitioner has not met the threshold requirement to persuade the Court that in light of the new evidence, "no juror, acting reasonably,

would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). As mentioned, Petitioner's "new" evidence consists of affidavits containing his own purported recollections from court proceedings in 1997. These affidavits are not enough to persuade the Court that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

The Court has conducted a *de novo* review of the objections raised by Petitioner to the Report. It concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Petitioner's motion for relief from judgment is **DENIED**.

So **ORDERED** and **SIGNED** this **16th** day of **May, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE